**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BP AMOCO CHEMICAL COMPANY,** | ) | |
| | ) | |
| | ) | No. 05 C 5661 |
| Plaintiff/Counterdefendant, | ) | |
| v. | ) | Judge Guzman |
| | ) | |
| **FLINT HILLS RESOURCES, LLC,** | ) | Magistrate Judge Keys |
| | ) | |
| | ) | |
| Defendant/Counterplaintiff. | ) | |

**FLINT HILLS RESOURCES, LLC'S UNOPPOSED MOTION
FOR REASSIGNMENT AND CONSOLIDATION**

Defendant/Counterplaintiff, Flint Hills Resources, LLC ("Flint Hills"), through its attorneys, respectfully requests this Court to enter an order reassigning Case No. 05 C 6795 to this Court, and consolidating that case with the above-captioned matter for all further proceedings. In support of its Motion, Flint Hills states as follows:

1. In May 2004, Flint Hills purchased a chemical plant outside Joliet, Illinois from Plaintiff/Counterdefendant BP Amoco Chemical Company ("BPACC") for approximately $225,000,000. BPACC made certain representations and warranties to Flint Hills regarding the environmental compliance, production capacity, mechanical integrity and capital investments of the plant that were included in a purchase and sale agreement ("Agreement"). BP Corporation North America Inc. ("BP Corp.") signed the Agreement as "Guarantor" of BPACC. The same individual signed the Agreement on behalf of both BPACC and BP Corp. BP Corp. also signed a separate "Performance Guarantee" as part of the transaction.

2. On September 30, 2005, BPACC filed a declaratory judgment action against Flint Hills asking the Court to declare that it had not breached the Agreement and that it had not

defrauded Flint Hills. BPACC subsequently amended its complaint and dropped the fraud claim. Flint Hills counterclaimed, alleging multiple breaches of the Agreement and that BPACC had defrauded Flint Hills.

3. Flint Hills filed a separate action against BP Corp. on December 1, 2005, and noted on the civil cover sheet that it was a proceeding related to the present action. The Flint Hills suit against BP Corp. was designated as Case No. 05 C 6795 and assigned to Judge John W. Darrah. A true and correct copy of the Amended Complaint is attached as <u>Exhibit A</u>. In that matter, Flint Hills alleges that BP Corp. breached its obligations under the Agreement and the "Performance Guarantee," and that BP Corp. also defrauded Flint Hills. BP Corp.'s response to the Amended Complaint is due on January 13, 2006, pursuant to an order entered by Judge Darrah granting BP Corp.'s motion to extend time.

4. Case Nos. 05 C 5661 and 05 C 6795 are related matters pursuant to Local Rule 40.4(a). Both lawsuits arise out of the same set of operative facts, i.e., the circumstances surrounding the sale of the Joliet plant from BPACC, guaranteed by BP Corp., to Flint Hills. Both cases involve the same property, and most of the factual issues overlap. The fraudulent conduct alleged by Flint Hills is also the same in both matters.

5. Case No. 05 C 6795 is properly reassigned to this Court because it meets the criteria set forth in Local Rule 40.4(b):

    (a) both Case Nos. 05 C 5661 and 05 C 6795 are pending before the Northern District of Illinois;

    (b) the handling of both cases by Judge Guzman is likely to result in a substantial saving of judicial time and effort because the factual bases for both the alleged

        breaches of contract and fraudulent conduct are the same, as set forth in Paragraphs 1-4;

(c)     the present matter has not progressed to the point where reassignment of the related case to this Court would delay the present proceedings, and the parties do not anticipate the need to alter the previously entered scheduling order to accommodate reassignment and consolidation of the related case; and

(d)     the cases are susceptible to disposition in a single proceeding as the factual underpinnings of both cases are the same.

6.     Consolidation of both matters is also appropriate pursuant to Fed. R. Civ. P. 42(a). As set forth above, both proceedings share common questions of law and fact. Consolidation would promote convenience and economy for the benefit of the Court, all parties and counsel. The parties to both actions believe that consolidation would not require alteration of the previously entered scheduling order in this matter.

7.     Flint Hills has consulted with both BPACC and BP Corp., and neither party objects to the relief requested in this motion.

- 4 -

WHEREFORE, Flint Hills respectfully requests that this Court reassign Case No. 05 C 6795 to this Court, and consolidate it with the present matter for all further proceedings.

Date:   December 30, 2005               **FLINT HILLS RESOURCES LLC**

                                        By:___/s/ Ryan P. Stiles_____
                                              One of Its Attorneys

James Figliulo
Ryan P. Stiles
Michael T. Graham
FIGLIULO & SILVERMAN, P.C.
10 South LaSalle, Suite 3600
Chicago, Illinois 60603
(312) 251-4600
(312) 251-4610 fax

Susan M. Franzetti
FRANZETTI LAW FIRM, P.C.
10 South LaSalle, Suite 3600
Chicago, Illinois 60603
(312) 251-5590

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2005, I caused a true and correct copy of the foregoing **FLINT HILLS RESOURCES, LLC'S UNOPPOSED MOTION FOR REASSIGNMENT AND CONSOLIDATION** to be served electronically and by U.S. mail to the following:

Richard Cartier Godfrey
Scott William Fowkes
Erica Blaschke Zolner
Drew G.A. Peel
Travis J. Quick
Kirkland & Ellis LLP
200 East Randolph Drive, Suite 6100
Chicago, IL 60601

and

William L. Patberg
Shumaker, Loop & Kendrick, LLP
1000 Jackson Street
Toledo, OH 43625

/s/ Ryan P. Stiles_____