IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BP AMOCO CHEMICAL COMPANY, )
)
    Plaintiff/Counter Defendant )
)
vs. ) No. 05 C 5661
)
FLINT HILLS RESOURCES, LLC, )
)
    Defendant/Counter Plaintiff. )
-------------------------------------------------------
FLINT HILLS RESOURCES, LLC, )
)
    Plaintiff, )
vs. )
)
BP CORPORATION NORTH AMERICA, INC. )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

BP Amoco Chemical Company ("BP") and Flint Hills Resources, LLC, have filed suit against each other arising from the sale by BP to Flint Hills of an oil refinery. Flint Hills accuses BP of breaching its contract by representing that the plant was in better condition than it actually was. BP seeks a declaratory judgment that it did not breach the contract. After the majority of discovery had been completed, BP propounded to Flint Hills a large number of requests for admission. Flint Hills now seeks a protective order striking BP's second through ninth requests for admission. For the following reasons that motion is denied, but subject to specific limitations.

Flint Hills focuses mainly on the number of requests BP propounded – 4,637 to be exact. It argues that if it took as much time to complete these requests as BP had taken to complete

the ones propounded by Flint Hills, it would be ten years before Flint Hills submitted its response. For its part, BP notes that while the total number is large, this represents an average of 63 requests per claim since Flint Hills has asserted 73 claims of breach, arising from 150 different pieces of equipment at the plant, and in some instances demanding millions of dollars per claim. BP further cites the fact that Flint Hills' "Master Claims Chart," which was designed to lay out the basis for each claim and the requested damages, is woefully inadequate in parts, requiring BP to engage in much time and effort to ascertain exactly what issues Flint Hills expects to assert at trial. Finally, BP notes that Flint Hills has repeatedly stated in status hearings that it will drop several of its claims before trial, but to date it had not done so. Flint Hills had not responded to these arguments – it had not filed a reply brief. As the objecting party, Flint Hills bears the burden of establishing good cause why BP's requests are so unduly burdensome or improper as to require a protective order. Fed.R.Civ.P. 26(c); Wiggins v. Burge, 173 F.R.D. 226, 228 (N.D. Ill. 1997).

Rule 26(b)(2)(C) provides that a court "must limit the frequency or extent of discovery...if it determines that:...(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Requests for admission are discovery tools which aid the court and the parties by limiting and refining the claims that will be asserted at trial. Taborn v. Unknown Officers, 2001 U.S. Dist. LEXIS 1932 (N.D. Ill. Feb. 15, 2001). As such, they are generally quite important in resolving issues. No presumptive limit has ever been set on the number of requests a party can propound. See Sun Elec. Corp. v. Allen Group, 1985 U.S. Dist. LEXIS 22571 (N.D. Ill. Feb. 14, 1985)("Because of the relatively efficient,

inexpensive, and conclusive nature of requests to admit, a court should be reasonably certain of the existence of discovery abuse before it limits the number or scope of requests to admit with regard to any matter otherwise discoverable"). However, lines have been drawn on a case-by-case basis, depending on the complexity of the case and whether or not the propounding party is truly seeking admissions or seeking to circumvent the Federal Rules regarding discovery.

Both parties cite case law dealing with unruly numbers of requests to admit. Flint Hills' citations are inapposite here because they either involve much less complex issues (Wigler v. Electronic Data Systems Corp., 108 F.R.D. 204, 205-206 (D. Md. 1985)), or parties seeking to circumvent discovery limitations, such as the number of interrogatories permitted. *See* Misco, Inc. v. United States Steel Corp., 784 F.2d 198, 205 (6th Cir. 1986); Phillips Petroleum Co. v. Northern Petrochemical Co., 1986 U.S. Dist. LEXIS 21473 (N.D. Ill. Aug. 15, 1986). Flint Hills has cited only one request that it claims, without basis, is an interrogatory in disguise, and two others that it argues are irrelevant because they do not deal with any of its claims. BP contests both of these characterizations and this court notes that even if it agreed with Flint Hills' position, problems with three requests is not sufficient "good cause" to require this court to strike the remainder.

Without having a full copy of the requests to admit, we are unable to determine whether BP has propounded too many requests, though even taking into account the complexity of this case, the sheer number alone appears daunting. We need not make such an ultimate ruling, however, since BP has now offered a compromise solution that we will implement. First, within 14 days, Flint Hills is directed to disclose in writing which claims it

does not intend to pursue at trial.[1] BP will then withdraw all requests for admission relating to those claims. BP will also limit its requests regarding damages to between four and six per claim. BP has already provided this court with a list of damages requests it is willing to withdraw. Thus, even before Flint Hills has outlined which claims it will drop, this measure alone would bring the number of requests down to a much more manageable number. BP also agrees to grant Flint Hills an extension of time to respond to whatever requests remain. We find that these modifications will greatly reduce the workload of both parties, and help define the issues for trial.

## CONCLUSION

For the foregoing reasons, Flint Hills' motion is denied and the parties are directed to act in accordance with this opinion.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 11, 2008.

---

[1] We are now advised that 13 claims are being withdrawn, thus reducing the claims to 60.