IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BP AMOCO CHEMICAL COMPANY, | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| vs. | ) | No.  05 C 5661 |
| FLINT HILLS RESOURCES, LLC, | ) | |
| Defendant/Counter-Plaintiff. | ) | |
| FLINT HILLS RESOURCES, LLC, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| BP AMOCO CHEMICAL COMPANY, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The sale of an oil refinery by BP Amoco Chemical Co. ("BP") to Flint Hills Resources, LLC ("Flint Hills") led to these litigations, and nothing about these litigations has been diminutive. Flint Hills asserted 73 claims arising from 150 different pieces of equipment at the plant and sued for multi-millions of dollars. Apparently over 75 depositions have been taken and millions of pages of documents produced.

BP propounded 4,637 requests to admit. Not surprisingly, Flint Hills resisted compliance, the procedural mechanism being a motion for a protective order striking most of the requests. We were led to believe that the requests were, by and large, in appropriate form, although the court was not furnished with a copy of the specific requests. The objection was, primarily, to the number. When BP came up with a compromise, to which Flint Hills did not

respond in writing, although it was discussed, we adopted it. That called for a review and possible reduction of claims, a withdrawal of requests respecting any withdrawn claims, and a sharp reduction in damages requests.

Flint Hills is apparently prepared to respond to the damages requests on September 8, 2008, and BP has withdrawn 17 claims. Our order adopting the BP compromise did not explicitly deal with non-damages requests. Flint Hills has taken the position that we, therefore, did not require them to be answered. BP disagrees and it now moves to have all those non-damages requests deemed admitted.

We think it is clear that, while we did not deal explicitly with the issue of non-damages requests in the earlier order, the failure to enter a protective order with respect to them meant they were to be answered. We did not say "answer them," however, because we had not seen the specific requests, the number was still daunting, we assumed the parties would continue to discuss reasonable reductions, we assumed we would hear from Flint Hills again if the responses to all or to particular requests were arguably overly burdensome, and non-damages requests were not a focus of the proposed compromise. We did not hear from Flint Hills again, BP did withdraw some of the non-damages requests, we were furnished copies of the non-damages requests (and they are, in general, appropriate "yes" or "no" requests respecting specific facts), and the total remaining non-damages requests are, we are told, 1,375. In the meantime, the parties are headed for mediation, a course of action they know this court strongly supports.

We deny the motion to have the non-damages requests deemed admitted. They should be answered, unless there is a request-specific reason why a particular request should not be. Indeed, the answers to many of them may be helpful to the mediation process. There is, after

all, a difference between believing one can prove a fact and not having to prove it at all. Rather than granting the motion, however, we think we should leave the matter for the further consideration of the parties. That has previously been helpful. 1,375 is a lot less than 4,637, although still a daunting number. But Flint Hills has to recognize that it should proceed to answer most, perhaps virtually all of the remaining non-damages requests, and that it should do so before the end of September.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 29, 2008.