# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BP AMOCO CHEMICAL COMPANY,  )<br>)<br>Plaintiff/Counter–Defendant,  )<br>)<br>v.  )<br>)<br>FLINT HILLS RESOURCES LLC,  )<br>)<br>Defendant/Counter–Plaintiff.  )<br>)<br>FLINT HILLS RESOURCES LLC,  )<br>)<br>Third-Party Plaintiff,  )<br>)<br>v.  )<br>)<br>BP CORPORATION NORTH AMERICA INC.,  )<br>)<br>Third-Party Defendant.  )<br>) | **Consolidated Case No. 05 C 5661**<br><br>Judge James B. Moran |

### MOTION OF BP AMOCO CHEMICAL COMPANY AND BP CORPORATION NORTH AMERICA INC. FOR LEAVE TO FILE A BRIEF IN EXCESS OF FIFTEEN PAGES AND MORE THAN EIGHTY SEPARATELY-NUMBERED STATEMENTS OF UNDISPUTED MATERIAL FACTS

BP Amoco Chemical Company ("BP Amoco") and BP Corporation North America Inc. ("BPCNA") respectfully move the Court for leave to file: (i) a brief in excess of fifteen pages in support of their Motion For Partial Summary Judgment With Respect To Condition Of Assets And Spending Claims; and (ii) more than eighty separately numbered statements of undisputed material facts. Specifically, BP Amoco requests leave to file a memorandum that is 28 pages in length and a statement of undisputed facts consisting of 121 numbered paragraphs.

In further support of this motion, BP Amoco and BPCNA state as follows:

1. This case involves claims by Flint Hills Resources, LLC ("Flint Hills") that BP Amoco sold it a damaged and mechanically deficient chemical plant, and that BP Amoco allegedly breached the parties' Purchase and Sale Agreement and committed fraud in doing so.

The chemical plant at issue is a massive, complex facility spanning over 200 acres and containing thousands of different pieces of machinery and equipment. According to Flint Hills, BP Amoco did not adequately maintain certain individual assets at the plant, resulting in Flint Hills having to repair and replace many different parts of the plant and its equipment. In addition, Flint Hills alleges that BP Amoco failed to comply with environmental regulations and misrepresented the plant's production capacity. Flint Hills' allegations are set forth in its 50-page, 185-paragraph Counterclaim.

2. Flint Hills is asserting 59 different and distinct damages claims, seeking a total of at least $180 million in compensatory damages. The 59 claims relate to dozens of different pieces of equipment, and involve complex engineering issues and environmental issues. Flint Hills' claims are not related; they involve different pieces of equipment, different production units, different contractual warranties, different engineering disciplines, different documents, and different witnesses. A copy of Flint Hills' Master Claim Chart, which Flint Hills served in response to BP Amoco's discovery requests, is attached to this motion as Exhibit A.

3. Specifically, Flint Hills pleads breach of contract and fraud with respect to four types of claims, alleging that BP Amoco breached and misrepresented: (1) the condition of the plant's assets; (2) the production capacity of the plant's three chemical units; (3) BP Amoco's maintenance and sustaining capital spending before the sale; and (4) the environmental compliance of various equipment at the Plant. This motion relates only to BP Amoco's motion for partial summary judgment with respect to the first category of claims (the "condition-of-assets" claims) and the third category of claims (the "maintenance-and-capital spending" claims).

4. After this litigation began in September 2005, the parties engaged in extensive fact discovery. Flint Hills, for example, disclosed over 100 individuals with knowledge of its claims. The parties collectively have produced over 1.4 million pages of hard-copy documents and 484,000 electronic documents. There have been 115 depositions of fact witnesses. At those depositions, approximately 2,625 documents have been marked as exhibits.

5. Although Flint Hills dropped several of its claims during fact discovery, Flint Hills continues to assert 44 separate condition-of-assets claims, each involving specific and different pieces of equipment at the Joliet chemical plant. Flint Hills alleges that each of these different pieces of equipment was not in "substantially good operating condition," was not

maintained by BP Amoco "substantially in accordance with normal industry practice," or was not "structurally sound" at the time of the sale. Collectively, Flint Hills is seeking over $123 million in compensatory damages for these 44 claims.

6. Fact discovery has now closed. Opening expert reports were served on October 6, 2008, and rebuttal expert reports were served on November 12, 2008. This case is currently set for trial on February 24, 2009. No dates with respect to summary judgment motions have been set.

7. Rather than file separate summary judgment motions addressing each of Flint Hills' 44 individual condition-of-asset claims and its maintenance-and-capital spending claims, BP Amoco and BPCNA have combined their bases for summary judgment with respect to those claims into a single motion, memorandum, and statement of undisputed facts, which it now seeks leave of court to file. Copies of these documents are attached to this motion as Exhibits B, C, and D.

8. As a result of the number of different claims at issue and the factual record relating to each claim, additional pages and additional paragraphs of undisputed facts are necessary in order to fully advise the Court of the factual and legal grounds for granting summary judgment against Flint Hills' condition-of-asset and maintenance-and-capital spending claims.

9. BP Amoco has conferred with Flint Hills' counsel, who stated that Flint Hills will advise BP Amoco of its position on this motion after reviewing BP Amoco's attached motion for partial summary judgment and related pleadings.

WHEREFORE, BP Amoco and BPCNA respectfully request leave to file the attached memorandum of law that is 28 pages in length and the attached Statement Of Undisputed Facts consisting of 121 numbered paragraphs.

| | |
|---|---|
| Date: November 12, 2008 | Respectfully submitted, |
| | /s/ Travis J. Quick |
| William L. Patberg | Richard C. Godfrey, P.C. (ARDC #3124358) |
| (admitted *pro hac vice*) | Scott W. Fowkes, P.C. (ARDC #6199265) |
| Shumaker, Loop & Kendrick, LLP | Travis J. Quick (ARDC #6280905) |
| 1000 Jackson Street | Kirkland & Ellis LLP |
| Toledo, Ohio 43624 | 200 East Randolph Drive |
| (419) 321-1434 | Chicago, Illinois 60601 |
| | (312) 861-2000 |
| | ATTORNEYS FOR BP AMOCO CHEMICAL COMPANY AND BP CORPORATION NORTH AMERICA INC. |

# CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2008, I caused a true and correct copy of the foregoing to be served electronically via the CM/ECF system on the following:

    James Figliulo, Esq.
    Ryan P. Stiles, Esq.
    FIGLIULO & SILVERMAN, P.C.
    10 South LaSalle Street, Suite 3600
    Chicago, IL 60603

    Susan M. Franzetti, Esq.
    FRANZETTI LAW FIRM, P.C.
    10 South LaSalle Street, Suite 3600
    Chicago, IL 60603

and by United States Postal Service to:

    Dean Kuckelman
    4111 E. 37th Street, North
    Wichita, KS 67220

                                                     /s/ Travis J. Quick