**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BP AMOCO CHEMICAL COMPANY, | ) | |
| | ) | |
| Plaintiff/Counter–Defendant, | ) | |
| v. | ) | |
| | ) | Case No. 05 C 5661 |
| FLINT HILLS RESOURCES, LLC, | ) | |
| | ) | Judge Amy J. St. Eve |
| Defendant/Counter–Plaintiff. | ) | |
| | ) | |
| FLINT HILLS RESOURCES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BP CORPORATION NORTH AMERICA INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PROPOSED JURY INSTRUCTIONS RELATING TO DAMAGES**
**SUBMITTED BY FLINT HILLS AND BP AMOCO**

Flint Hills Resources, LLC, BP Amoco Chemical Company, and BP Corporation North America submit the following Proposed Jury Instructions Relating to Damages, as an amendment to Exhibits 7 and 8 of the Proposed Final Pretrial Order. The Proposed Jury Instructions Relating to Damages include instructions agreed to by all parties, as well as specific language on which the parties disagree, and set forth the remaining issues which exist between the parties with regard to the damages jury instructions proposed by each side.

The parties submit this document pursuant to the Court's Order of August 28, 2009, and do not hereby waive prior objections to specific jury instructions or portions thereof.

## BREACH OF CONTRACT No. 4

If you decide for BP Amoco on the question of liability for breach of contract, then you should not consider the question of breach-of-contract damages.

## BREACH OF CONTRACT No. 5

If you decide for Flint Hills on the question of BP Amoco's liability for breach of contract based on one or more representations and warranties, you will have the occasion to determine breach-of-contract damages. Flint Hills has the burden of proving the correct measure of damages by a preponderance of the evidence.

Flint Hills has the burden of proving a reasonable basis for its computations of damages. While Flint Hills is not required to prove damages with mathematical precision, the law requires that damages be proved with reasonable certainty. Damages cannot be based on conjecture and speculation. Flint Hills cannot recover for future damages unless they are reasonably certain to occur, [Flint Hills submits and BP Amoco objects to the following language: but the amount of these future damages may be proved by a reasonable good faith estimate of those costs].

---

**Flint Hills' Authority:**

*BP Amoco Chem. Co. v. Flint Hills Resources, LLC*, 2009 WL 1033373, at *11 (N.D. Ill. Apr. 17, 2009) ("Flint Hills' evidence, including repair estimates and deposition testimony, supports a reasonably certain determination of the costs of repair projects to be undertaken in the future . . . ."); *Jones v. Consol. Coal Co.*, 174 Ill. App. 3d 38, 43, 528 N.E.2d 33, 37 (5th Dist. 1988) ("Estimates of the cost of repair are acceptable evidence of damages incurred."), *quoted by BP Amoco*, 2009 WL 1033373, at *11; *Shaw v. Bridges-Gallagher, Inc.*, 174 Ill. App. 3d 680, 684-85, 528 N.E.2d 1349, 1352 (5th Dist. 1988) (finding that plaintiffs who had relied on cost-of-replacement estimate had "proved their damages with reasonably certainty"); *see also* PSA § 13.5(a)(i).

**BP Amoco's Authority:**

Jury Instructions given in *Schimmer v. Jaguar Cars*, 03 C 1884 (N.D. Ill. (St. Eve, J.) (modified); 8/27/09 Hr'g Tr.

## BREACH OF CONTRACT No. 6

I will now give you more specific instructions about how to calculate damages for a breach of contract in this case.

The agreement between Flint Hills and BP Amoco is binding, and in the course of applying these instructions, you must abide by the following provisions of the agreement in determining the amount of damages for breach of contract, if any, in this case. I will also instruct you about Illinois law, and you are to follow this law in making your determination.

Article I of the PSA provides, in relevant part:

"'Losses' means any and all losses, damages . . . , claims . . . , demands (including demands for injunctive relief and issuances of administrative orders), suits, causes of action, proceedings, fines, penalties, judgments . . . , obligations…, liabilities, costs and expenses…

Section 13.2(a) of the PSA provides, in relevant part:

"To the fullest extent permitted by Law, [BP Amoco] . . . hereby agrees to Indemnify [Flint Hills], . . . from and against, any and all Losses incurred or required to be paid by [Flint Hills] . . . which arise out of, relate to or result from any of the following: (a) any breach of any warranty or representation of [BP Amoco] contained in Section 7.1."

Section 13.4(q) of the PSA provides, in relevant part:

"Time expended by personnel of [Flint Hills] or [BP Amoco] … in connection with a [claim] will not be considered Losses hereunder."

[BP Amoco submits and Flint Hills objects: **Section 13.6 of the PSA provides, in relevant part:**

**"[BP Amoco] will not be liable to [Flint Hills] for any loss of profit, loss of use, special, indirect, incidental, or consequential damages suffered by [Flint Hills], howsoever arising under this agreement, whether based on breach of warranty, breach of agreement, statute, strict liability or otherwise, including without limitation negligence of [BP Amoco]."]**

_____

**Flint Hills' Authority:**

*Kirschner v. Broadhead,* 671 F.2d 1034, 1040 (7th Cir. 1982) (holding that it is prejudicial error to give instructions relating to legal theories for which there is no support in the evidence); *E. Trading Co. v. Refco, Inc.,* 229 F.3d 617, 621 (7th Cir. 2000) (due to risk of confusion, jury should not be instructed on defenses that lack evidentiary support); *BP Amoco Chem. Co. v. Flint Hills Resources, LLC,* Civil No. 05-5661 (June 4, 2009) (holding that Bettius valuation opinion "does not run afoul of the bar on lost profits"); Tr. Hr'g of 7/14/2009 at 2:15-3:9 (holding that Baliban "is not doing a lost profits damages analysis").

**BP Amoco's Authority:**

IPI 700.16; PSA §§ 13.4(q), and 13.6; 8/27/09 Hr'g Tr; Dkt. No. 437, 4/17/09 Mem. Op. & Order at 26.

## BREACH OF CONTRACT No. 7

In calculating the damages that may be recovered for breach of contract, you should apply the following procedure.

With respect to each representation or warranty that you find was untrue, you should assess [Flint Hills submits and BP Amoco objects:  as damages those Losses, if any, arising out of, relating to, or resulting from the breach of contract.] [BP Amoco submits and Flint Hills objects:  **damages, if any, according to these instructions.**]   You should consider two alternative measures of damages: Cost of Repair and Diminution of Value.  [Flint Hills submits and BP Amoco objects:  Cost of Repair is the usual measure of damages, and Diminution of Value is an alterative measure which applies under certain circumstances.]   I will instruct you how to determine which measure of damages to apply here.

----

**Flint Hills' Authority:**

Illinois Supreme Court Committee on Pattern Jury Instructions in Civil Cases, *ILLINOIS PATTERN JURY INSTRUCTIONS (IPI)*, Nos. 700.16 (Civil 2006 ed.) (modified) (instruction when measure of damages is regulated by contract); *Allen & O'Hara, Inc. v. Barrett Wrecking, Inc.*, 898 F.2d 512, 517 (7th Cir. 1990) (holding that state common law "governs a contract only insofar as there are gaps in the contractual language.  Where the contract is clear, there is no need to examine the underlying state law.").  *BP Amoco Chem. Co. v. Flint Hills Resources, LLC*, Civil No. 05-5661, 2009 WL 1033373, *12 (N.D. Ill. April 17, 2009) (holding that causation requirement "is consistent with Section 13.2 of the PSA, which requires BP to indemnify Flint Hills for Losses that 'arise out of, relate to or result from' any breach").

Flint Hills believes that the causation element is fully covered by the PSA language cited above.  However, if the Court finds that it is necessary to include general causation language as a "gap-filler," Flint Hills submits that this instruction would be the proper place for such language, as follows:  "you should assess as damages those losses that may fairly and reasonably be considered as naturally arising from BP Amoco's breach of contract, specifically Losses arising out of, relating to, or resulting from the breach of contract."

**BP Amoco's Authority:**

IPI 700.15 (modified); IPI 30.17 (modified); IPI 30.18 (modified); *Normand v. Orkin Exterminating Co.*, 193 F.3d 909, 911 (7th Cir. 1999); *Gvillo v. Stutz*, 715 N.E. 2d 285, 288-89 (Ill. App. Ct. 1999); *Witty v. C. Casey Homes, Inc.*, 430 N.E.2d 191, 194 (Ill. App. Ct. 1991); *Meade v. Kubinski*, 661 N.E.2d 1178, 1184 (Ill. App. Ct. 1996).

## BREACH OF CONTRACT No. 8

First, I will explain the Cost-of-Repair measure of damages.

Under the Cost-of-Repair measure of damages, a buyer is to be compensated by the seller for the reasonable expenses necessary to put the property he has purchased into the condition that it was represented and warranted to be in. Although this measure of damages is called the Cost of Repair, the buyer's damages are not limited to the costs of "repairing" the purchased property, but include reasonable expenses necessary to put the property into the condition represented and warranted in the PSA, including, in appropriate circumstances if shown by Flint Hills, the cost of replacing the purchased property.

You should not award Flint Hills damages that would put Flint Hills in a better position than if no breach had occurred and if the PSA's representations and warranties had been true.

Under the Cost-of-Repair measure, Flint Hills may recover its estimated future costs to put the purchased property into the condition represented and warranted, if you determine that Flint Hills has proved these costs are reasonably certain to occur.

## BREACH OF CONTRACT No. 9

Now I will explain the Diminution-in-Value measure of damages.

[Flint Hills submits and BP Amoco objects to the entirety of this second paragraph. BP Amoco believes this paragraph is inconsistent with BP Amoco's proposed Instruction 10A: If you find from your consideration of the evidence that the Cost-of-Repair measure of damages is unreasonably disproportionate to the benefit to Flint Hills or grossly disproportionate to the results, then you should not use the Cost-of-Repair measure of damages. Instead, you should use an alternative measure of damages, Diminution in Value.]

The Diminution-in-Value measure is the difference between the fair market value of the property purchased by Flint Hills and the fair market value that the property would have had if the property had been in the condition BP Amoco represented and warranted.

---

**Flint Hills' Authority:**

*BP Amoco Chem. Co. v. Flint Hills Resources, LLC*, Civil No. 05-5661, 2009 WL 1033373, at *8 (N.D. Ill. April 17, 2009) ("[t]he test calls for the use of the diminution-in-value standard is the cost to correct the defects is unreasonably disproportionate in relation to *the benefit to the purchaser*") (emphasis in original).

**BP Amoco's Authority:**

*See* IPI 700.15 (modified); IPI 30.17 (modified); IPI 30.18 (modified); *Normand v. Orkin Exterminating Co.*, 193 F.3d 909, 911 (7th Cir. 1999); *Gvillo v. Stutz*, 715 N.E.2d 285, 288-89 (Ill. App. Ct. 1999); *Witty v. C. Casey Homes, Inc.*, 430 N.E.2d 191, 194 (Ill. App. Ct. 1991); *Meade v. Kubinski*, 661 N.E.2d 1178, 1184 (Ill. App. Ct. 1996); Dkt. No. 437, 4/17/09 Mem. Op. & Order at 10, 19; 8/27/09 Hr'g Tr.; *In re Catt*, 368 F.3d 789, 792 (7th Cir. 2004); *McKinnis v. United States*, 2008 WL 5220504 (N.D. Ill. Dec. 10, 2008); *Ouwenga v. Nu-Way Ag, Inc.*, 239 Ill.App.3d 518, 526, 604 N.E.2d 1085, 1091 (Ill. App. Ct. 1992); *Bockman Printing & Services, Inc. v. Baldwin-Gregg, Inc.*, 213 Ill.App.3d 516, 528, 572 N.E.2d 1094, 1103 (Ill. App. Ct. 1991); RESTATEMENT (SECOND) OF CONTRACTS § 352; Dkt No. 561 at pp. 2-3 .

[Flint Hills submits Breach of Contract No. 10, to which BP Amoco objects in its entirety.  BP Amoco submits Breach of Contract No. 10A, to which Flint Hills objects in its entirety, in place of Flint Hills' Breach of Contract No. 10.]

## BREACH OF CONTRACT No. 10

If you find a breach of contract based on one or more representations and warranties, you should assess as damages Flint Hills' reasonable expenditures necessary to put the purchased property into the condition represented and warranted, including the amount you find that Flint Hills is reasonably certain to incur in the future to do so, in accordance with the Cost-of-Repair measure, <u>unless</u> you conclude, from your consideration of the evidence, that such an amount would be unreasonably disproportionate to the benefit to the purchaser or grossly disproportionate to the results obtained, in which case you should instead award Flint Hills the difference between the fair market value of the purchased property as actually delivered, and the fair market value the purchased property would have had if the property had been in the condition as represented and warranted, in accordance with the Diminution-in-Value measure.

It is for you to decide which of these two measures of damages to apply, and what the appropriate amount of Flint Hills's recoverable damages should be.

[The parties are bracketing language relating to the verdict form(s), as they have not come to an agreement on this language, but believe the language will be resolved by an agreement or ruling on the substance of the verdict forms.  One open issue is whether there will be one or multiple verdict forms.]  Use [the] Verdict Form [A] to identify the damages you find Flint Hills is entitled to recover, if any, for breach of contract.

[In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be.  That amount will be determined by the Court when it applies the law to your answers after you render your verdict.]

---

**Flint Hills' Authority:**

*See* Breach of Contract No. 9.

**BP Amoco's Authority:**

IPI 700.15 (modified); IPI 30.17 (modified); IPI 30.18 (modified); *Normand v. Orkin Exterminating Co.*, 193 F.3d 909, 911 (7th Cir. 1999); *Gvillo v. Stutz*, 715 N.E. 2d 285, 288-89 (Ill. App. Ct. 1999); *Witty v. C. Casey Homes, Inc.*, 430 N.E. 2d 191, 194 (Ill. App. Ct. 1991); *Meade v. Kubinski*, 661 N.E. 2d 1178, 1184 (Ill. App. Ct. 1996);

Dkt. No. 437, 4/17/09 Mem. Op. & Order at 10, 19; 8/27/09 Hr'g Tr.; *In re Catt*, 368 F.3d 789, 792 (7th Cir. 2004); *McKinnis v. United States*, 2008 WL 5220504 (N.D. Ill. Dec. 10, 2008); *Ouwenga v. Nu-Way Ag, Inc.*, 239 Ill.App.3d 518, 526, 604 N.E.2d 1085, 1091 (Ill. App. Ct. 1992); *Bockman Printing & Services, Inc. v. Baldwin-Gregg, Inc.*, 213 Ill.App.3d 516, 528, 572 N.E.2d 1094, 1103 (Ill. App. Ct. 1991); RESTATEMENT (SECOND) OF CONTRACTS § 352; Dkt No. 561 at pp. 2-3

[BP Amoco submits, and Flint Hills objects to, this instruction Breach of Contract No. 10A in place of Flint Hills' Breach of Contract No. 10.]

## BREACH OF CONTRACT NO. 10A

If you find a breach of contract based on one or more representations and warranties, you should assess as damages the lesser of (i) the amount of reasonable expense necessary to put the purchased property into the condition represented and warranted, including the amount you find that Flint Hills is reasonably certain to incur in the future to do so, in accordance with the Cost-of-Repair measure or (ii) the difference between the fair market value of the purchased property as actually delivered and the fair market value the purchased property would have had if the property had been in the condition as represented and warranted, in accordance with the Diminution-in-Value measure.

[Use the Verdict Form to identify the damages you find Flint Hills is entitled to recover, if any, for breach of contract.]

--------

**Flint Hills' Authority:**

*See* Breach of Contract No. 9.

**BP Amoco's Authority:**

IPI 700.15 (modified); IPI 30.17 (modified); IPI 30.18 (modified); *Normand v. Orkin Exterminating Co.*, 193 F.3d 909, 911 (7th Cir. 1999); *Gvillo v. Stutz*, 715 N.E. 2d 285, 288-89 (Ill. App. Ct. 1999); *Witty v. C. Casey Homes, Inc.*, 430 N.E. 2d 191, 194 (Ill. App. Ct. 1991); *Meade v. Kubinski*, 661 N.E. 2d 1178, 1184 (Ill. App. Ct. 1996); Dkt. No. 437, 4/17/09 Mem. Op. & Order at 10, 19; 8/27/09 Hr'g Tr.; *In re Catt*, 368 F.3d 789, 792 (7th Cir. 2004); *McKinnis v. United States*, 2008 WL 5220504 (N.D. Ill. Dec. 10, 2008); *Ouwenga v. Nu-Way Ag, Inc.*, 239 Ill.App.3d 518, 526, 604 N.E.2d 1085, 1091 (Ill. App. Ct. 1992); *Bockman Printing & Services, Inc. v. Baldwin-Gregg, Inc.*, 213 Ill.App.3d 516, 528, 572 N.E.2d 1094, 1103 (Ill. App. Ct. 1991); RESTATEMENT (SECOND) OF CONTRACTS § 352; Dkt No. 561 at pp. 2-3

[BP Amoco submits and Flint Hills objects to the entirety of this instruction.]

## BREACH OF CONTRACT No. 11

Flint Hills has the burden of proving that the damages for each of its claims were proximately caused by BP Amoco's alleged breach of contract. When I use the expression "proximate cause," I mean a cause which, in the natural and ordinary course of events, produced Flint Hills' injury. A person breaching a contract can be held liable for such damages as may fairly and reasonably be considered as naturally arising from the breach thereof, in light of the facts known or which should have been known, or such as may reasonably be supposed to have been within the reasonable contemplation of the parties as a probable result of the breach thereof.

----

**Flint Hills' Authority:**

See Breach of Contract No. 7.

**BP Amoco's Authority:**

IPI 15.01; *Key v. Jewel Cos.*, 530 N.E.2d 1061, 1063, 176 Ill.App.3d 91, 95-96 (Ill App. Ct. 1988); *Tages, M.D. v. Univision Television Group*, No 04 C 3738, 2005 WL 2736997, at *2 (N.D. Ill. Oct. 20, 2005); *Vaccum Indus. Pollution, Inc. v. Union Oil Co. of California*, 764 F. Supp. 507, 512 (N.D. Ill. 1991); *Serfecz v. Jewel Food Stores, Inc.*, No. 92 C 4171, 1997 WL 158332, at *5 (N.D. Ill. Mar. 31, 1997).

## BREACH OF CONTRACT No. 12

A party cannot recover damages it could have prevented by taking reasonable steps and using commercially reasonable efforts when it learned or should have learned of the breach. The burden is on BP Amoco to prove that Flint Hills failed to minimize its damages and that the damages should be reduced by a particular amount as a result. In this case, BP Amoco claims and has the burden of proving that, by taking reasonable steps and using commercially reasonable efforts, Flint Hills could have avoided some losses in whole or in part, even though its losses originally resulted from BP Amoco's failure to keep its promise.

If BP Amoco proves that Flint Hills could have some avoided some losses in whole or in part by taking reasonable steps and using commercially reasonable efforts, you may not require BP Amoco to pay the amount Flint Hills could reasonably have avoided and you must subtract any such amount from the amount of damages you have found. If you find that Flint Hills incurred costs in taking reasonable steps and using commercially reasonable efforts to avoid such losses, you must make an award to Flint Hills for such costs.

[BP Amoco submits and Flint Hills objects to this entire instruction.]

## BREACH OF CONTRACT No. 13

For some of its claims, Flint Hills seeks damages that it has not yet incurred, but alleges that it will incur in the future. If you decide to award such damages, then in computing the damages arising in the future you must determine their present cash value. "Present cash value" means the sum of money needed now, which, when added to what that sum may reasonably be expected to earn in the future, will equal the amount of the costs for repairs at the time in the future when such costs will be paid.

---

**Flint Hills' Authority:**

Flint Hills is not seeking future damages, but instead damages based on the difference between the condition of the property it was sold, as of the date of the PSA, and the condition promised in the PSA. Therefore, its damages date from the date of the closing, not some future date, and that certain necessary repairs have not yet been made does not change that basic fact.

**BP Amoco's Authority:**

IPI 34.02 (modified); *Douglass v. Hustler Magazine, Inc.*, 769 F.2d 1128, 1143 (7th Cir. 1985); *Americontainer Ltd. Partnership v. Rankin*, 25 F.3d 1053 (Table), 1994 WL 209897 at *4 (7th Cir. May 24, 1994); *Hewlett-Packard Financial Services Company v. One2One, LLC*, 2006 WL 1281335, at *7 (D.N.J. May 8, 2006).

## FRAUD No. 6

If you decide for BP Amoco on the question of liability for fraud, then you should not consider the question of fraud damages.

FRAUD No. 7

If you decide for Flint Hills on the question of BP Amoco's liability for fraud, you will have the occasion to determine damages for fraud. [BP Amoco submits and Flint Hills objects: **Flint Hills has the burden of proving the correct measure of fraud damages by clear and convincing evidence.**]

Flint Hills has the burden of proving a reasonable basis for its computations of damages. While Flint Hills is not required to prove damages with mathematical precision, the law requires that damages be proved with reasonable certainty. Damages cannot be based on conjecture and speculation. Flint Hills cannot recover damages based on potential or future losses or expenses unless they are reasonably certain to occur.

––––––––––––––

**Flint Hills' Authority:**

*See* Illinois Supreme Court Committee on Pattern Jury Instructions in Civil Cases, *ILLINOIS PATTERN JURY INSTRUCTIONS (IPI)*, No. 800.05 (2006 ed.) (IPI "measure of damages" instruction for fraud does *not* require the measure of fraud damages to be proven by "clear and convincing" evidence, but only that it be "proved by the evidence"); *Price v. Highland Cmty. Bank*, 932 F.2d 601, 604 (7th Cir. 1991) ("[I]nstruction 20 was not erroneous as to proving fraud in that it used a preponderance of the evidence standard *for compensatory damages.* The fraud instruction told the jury that plaintiff had the burden of proving fraud by clear and convincing evidence. Therefore the jury was not misled.") (emphasis original); *see also Hoffman v. Stamper*, 867 A.2d 276, 300 (Md. 2005) ("In order to recover damages in an action of fraud, the plaintiff must prove, by clear and convincing evidence, among other things, that he/she/ it 'suffered compensable injury resulting from the misrepresentation.' What must be proved by that standard is that *some* compensable injury arose from the deceit, because *a* compensable injury arising by reason of the fraud is an element of the tort. We have never held, however, that *measure* of the damages required to compensate for [fraud] must be proved by clear and convincing evidence.") (emphasis original) (citation omitted).

**BP Amoco's Authority:**

Jury Instructions given in *Schimmer v. Jaguar Cars*, 03 C 1884 (N.D. Ill. (St. Eve, J.) (modified); 8/27/09 Hr'g Tr; *Price v. Highland Cmty. Bank*, 722 F. Supp. 454, 461 (N.D. Ill. 1989), *aff'd*, 932 F.2d 601 (7th Cir. 1991) ("The fraud instruction correctly placed on the plaintiff the burden of proving fraud by clear and convincing evidence. Instruction 20 was not erroneous, *for its office was not to set the burden of proof for fraud* but merely to require that the jury find some actual damages before it went on to consider whether to award punitive damages.") (emphasis added); Dkt. No. 319 at pp. 25-26 (holding that elements of fraud including "plaintiff's damages" must be proven by clear and convincing evidence); *Sompo Japan Ins. Co. of America,*

*Inc. v. Alliance Transp. Group, LLC*, __ F.Supp.2d __, 2009 WL 1606025, at *3 (N.D. Ill. June 8, 2009) (elements of fraud including "damages" must be proven by "clear and convincing evidence"); *Linhart v. Bridgeview Creek Development, Inc.*, 391 Ill.App.3d 630, 634, 909 N.E.2d 865, 870 (Ill. App. Ct. 2009) (holding that elements of fraud including "plaintiff's damages" must be proven by clear and convincing evidence).

## FRAUD No. 8

If you decide for Flint Hills on the question of liability for fraud, you must then fix the amount of money which will reasonably and fairly compensate Flint Hills for its damages. [Flint Hills submits and BP Amoco objects: Flint Hills' damages are those losses which were proximately caused by BP Amoco's fraud. When I use the expression "proximate cause," I refer to those damages that naturally and foreseeably arose from BP Amoco's misrepresentation.] [BP Amoco submits and Flint Hills objects: **Flint Hills must prove that its claimed damages were proximately cause by BP Amoco's fraud. When I use the expression "proximate cause," I mean a cause which, in the natural and ordinary course of events, produced Flint Hills's damages.**]

[Flint Hills submits and BP objects to the following as the second paragraph of Fraud No. 8: You should apply as the measure of damages either (1) the amount of reasonable expenses necessary to enable the purchased property to achieve the production capacity that BP Amoco represented to Flint Hills, including such expenses that will in the future be spent or incurred, if proven with a reasonable certainty, or in the alternative, (2) the difference between the fair market value of the purchased property with its actual production capacity, and the fair market value the purchased property would have had, if it had had the production capacity BP Amoco represented.]

[BP Amoco submits and Flint Hills objects to the following as the second and third paragraphs of Fraud No. 8: **To recover compensatory damages, Flint Hills must prove two measures of damages, as well as the amount of damages under both measures, to a reasonable certainty. First, Flint Hills must prove the reasonable expense of necessary repairs to put the Joliet Plant's property in the condition warranted and represented in the PSA. Second, Flint Hills must prove that the fair market value of the Joliet Plant's property in the condition as sold was less than the fair market value of the Joliet Plant's property in the condition warranted and represented in the PSA.**

**If Flint Hills has proved (i) the reasonable expenses of necessary repairs to the Joliet Plant's property and (ii) the difference in fair market value of the Joliet Plant's property, you must then determine the amount of damages to award Flint Hills. You must award Flint Hills as compensatory damages the lesser of: (i) the reasonable expense of necessary repairs to the Joliet Plant's property and (ii) the difference in fair market value of the Joliet Plant's property, for each alleged act of fraud.**]

You should not award Flint Hills damages that would put Flint Hills in a better position than if no fraud had occurred and if the PSA's representation and warranty had been true.

Whether either measure of damages has been proved by the evidence is for you to determine.

[Use [the] Verdict Form [B] to identify the amount you find Flint Hills is entitled to recover as compensatory damages for fraud, if any.]

———————————

**Flint Hills' Authority:**

*See* Breach of Contract No. 9; *see also Gerill Corp. v. Jack L. Hargrove Builders, 128 Ill.2d 179, 196, 538 N.E.2d 530, 537-38 (1989); Restatement (Second) Torts § 549(2) cmt. 1 (1977); Restatement (Second) Torts § 549(2) illus. 7 (1977).*

**BP Amoco's Authority:**

IPI 800.05 (modified); IPI 30.17 (modified); IPI 30.18 (modified); *Normand v. Orkin Exterminating Co.*, 193 F.3d 909, 911 (7th Cir. 1999); *Gvillo v. Stutz*, 715 N.E. 2d 285, 288-89 (Ill. App. Ct. 1999); *Witty v. C. Casey Homes, Inc.*, 430 N.E. 2d 191, 194 (Ill. App. Ct. 1991); *Meade v. Kubinski*, 661 N.E. 2d 1178, 1184 (Ill. App. Ct. 1996); IPI 15.01; *Kirkruff v. Wisegarver*, 297 Ill.App.3d 826, 833-34, 697 N.E.2d 406, 412-13 (Ill. App. Ct. 1998); *Key v. Jewel Cos.*, 530 N.E.2d 1061, 1063, 176 Ill.App.3d 91, 95-96 (Ill App. Ct. 1988); *Tages, M.D. v. Univision Television Group*, No 04 C 3738, 2005 WL 2736997, at *2 (N.D. Ill. Oct. 20, 2005). 8/27/09 Hr'g Tr.; *In re Catt*, 368 F.3d 789, 792 (7th Cir. 2004); *McKinnis v. United States*, 2008 WL 5220504 (N.D. Ill. Dec. 10, 2008); *Ouwenga v. Nu-Way Ag, Inc.*, 239 Ill.App.3d 518, 526, 604 N.E.2d 1085, 1091 (Ill. App. Ct. 1992); *Bockman Printing & Services, Inc. v. Baldwin-Gregg, Inc.*, 213 Ill.App.3d 516, 528, 572 N.E.2d 1094, 1103 (Ill. App. Ct. 1991).

[BP Amoco submits and Flint Hills objects to this entire instruction (note: this disagreement may be resolved by an agreement on the verdict forms)]

### FRAUD No. 9

Under Illinois law, Flint Hills cannot recover twice for only one injury, and you may not award duplicative or overlapping damages. If you award Flint Hills damages to compensate it for breach of contract based on one or more representations and warranties, then you may not award Flint Hills damages for fraud based on the same operative facts. Likewise, if you award Flint Hills damages to compensate it for fraud, then you may not award Flint Hills damages for breach of contract based on the same operative facts.

———————————

**BP Amoco's Authority**:

*Neade v. Portes*, 193 Ill.2d 433, 440, 739 N.E.2d 496, 500 (Ill. 2000); *Stevens v. B & L Package Liquors, Inc.*, 66 Ill.App.3d 120, 125, 383 N.E.2d 676, 679 (Ill. App. Ct. 1978); *Abbinante v. O'Connell*, 277 Ill.App.3d 1046, 1051 662 N.E.2d 126, 129 (Ill. App. Ct. 1996).

## Fraud No. 10

The law provides that a party cannot recover damages it could have prevented by exercising ordinary care and diligence when it learned or should have learned of the fraud. The burden is on BP Amoco to prove that Flint Hills failed to minimize its damages and that the damages should be reduced by a particular amount as a result. In this case, BP Amoco claims and has the burden of proving that, with reasonable efforts and ordinary care, Flint Hills could have avoided some losses in whole or in part, even though its losses originally resulted from BP Amoco's fraud.

If BP Amoco proves that Flint Hills could have some avoided some losses in whole or in part with reasonable efforts and ordinary care, you may not require BP Amoco to pay the amount Flint Hills could reasonably have avoided and you must subtract any such amount from the amount of damages you determine. If you find that Flint Hills incurred costs in making a reasonable effort to avoid such losses, you must make an award to Flint Hills for such costs.

[BP Amoco submits and Flint Hills objects to this entire instruction.]

### FRAUD No. 11

For some of its claims, Flint Hills seeks damages that it has not yet incurred, but alleges that it will incur in the future. If you decide to award such damages, then in computing the damages arising in the future you must determine their present cash value. "Present cash value" means the sum of money needed now, which, when added to what that sum may reasonably be expected to earn in the future, will equal the amount of the costs for repairs at the time in the future when such costs will be paid.

———————————

**Flint Hills' Authority:**

See Breach of Contract No. 13.

**BP Amoco's Authority:**

IPI 34.02 (modified); *Douglass v. Hustler Magazine, Inc.*, 769 F.2d 1128, 1143 (7th Cir. 1985); *Americontainer Ltd. Partnership v. Rankin*, 25 F.3d 1053 (Table), 1994 WL 209897 at *4 (7th Cir. May 24, 1994); *Hewlett-Packard Financial Services Company v. One2One, LLC*, 2006 WL 1281335, at *7 (D.N.J. May 8, 2006).

[Flint Hills submits and BP Amoco objects to this entire instruction
(**note**: Fraud No. 12A, which follows, is the alternative proposed by BP Amoco and
objected to by Flint Hills.)]

## FRAUD No. 12

If you decide for Flint Hills on the question of liability for fraud and if you find BP Amoco's conduct giving rise to such liability was willful and wanton and caused damage to Flint Hills, and if you believe that justice and the public good require it, you may, in addition to any other damages to which you find Flint Hills entitled, award an amount which will serve to punish BP Amoco and to deter BP Amoco and others from similar conduct.

When I use the expression "willful and wanton" conduct, I mean a course of action which shows actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for the rights of another.

[Use Verdict Form C to identify the amount in punitive damages you award, if any.]

_____

**Flint Hills' Authority:**

Illinois Supreme Court Committee on Pattern Jury Instructions in Civil Cases, *ILLINOIS PATTERN JURY INSTRUCTIONS (IPI)*, No. 800.06 (Civil 2006 ed.) (modified); *Home Sav. & Loan Ass'n of Joliet v. Schneider*, 108 Ill.2d 277, 284-85, 483 N.E.2d 1225, 1228 (1985) (holding that IPI punitive damages instruction must include the phrase "willful and wanton" in cases of fraud); Illinois Supreme Court Committee on Pattern Jury Instructions in Civil Cases, *ILL. PATTERN JURY INSTR. (IPI)*, No. 800.06 (comment) (Civil 2006 ed.) ("If the phrase 'willful and wanton' is used in the instruction, also give IPI 14.01."); Illinois Supreme Court Committee on Pattern Jury Instructions in Civil Cases, *ILL. PATTERN JURY INSTRUCTIONS (IPI)*, No. 14.01 (Civil 2006 ed.) ("When I use the expression 'willful and wanton conduct' I mean a course of action which [shows actual or deliberate intention to harm] [or which, if not intentional,] [shows an utter indifference to or conscious disregard for (a person's own safety) (and) (the safety of others)]."); *FDIC v. W.R. Grace & Co.*, 691 F. Supp. 87, 94 (N.D. Ill. 1988) (giving modified IPI 14.01 for punitive damages in fraud case: "The court further instructed the jury that willful and wanton conduct was defined as: 'A course of action which shows actual or deliberate intention to harm or which, if not intentional, shows an utter indiffer-ence or conscious disregard for the rights of others.'"), *aff'd in relevant part*, 877 F.2d 614, 619 (7th Cir. 1989) ("[Defendant]'s complaints about the jury instructions . . . have no merit."); *Synergy Assocs. v. Sun Biotechs., Inc.*, Civil. No. 02-3320, jury instr. at 19 (N.D. Ill. Oct. 20, 2004) (giving modified IPI 14.01 for punitive damages in fraud case: "Willful and wanton conduct is conduct that shows an utter indiffer-ence to or

conscious disregard for the rights or interests of another.") (Kennelly, J.); Federal Civil Jury Instructions of the Seventh Circuit, Introduction, at 1 (2009 rev.) (explaining that state pattern instructions are to be preferred).

[BP Amoco submits and Flint Hills objects to this entire instruction. See discussion below in BP Amoco's Authority regarding use of italics, which is for the Court's convenience only.]

### FRAUD No. 12A[1]

If you find for Flint Hills *for fraud*, you may, but are not required to, assess punitive damages against BP Amoco. The purposes of punitive damages are to punish a person for his or her conduct and to serve as an example or warning to BP Amoco and others not to engage in similar conduct in the future.

Flint Hills must prove by *clear and convincing* evidence that punitive damages should be assessed against BP Amoco. You may assess punitive damages only if you find that BP Amoco *did not commit only simple fraud but rather gross fraud, breach of trust, or other extraordinary or exceptional circumstances clearly showing malice and willfulness.*[2] *Deceit alone cannot support an award of punitive damages.*[3] *Punitive damages are appropriate only if BP Amoco's alleged misconduct rose above and beyond the conduct needed to find it liable for fraud.*[4] *You may award punitive damages only if you find that Flint Hills has put forth evidence that BP Amoco intended to injure Flint Hills.*[5]

---

1 No punitive damages should be awarded in this case. Nonetheless, because Flint Hills has claimed them and the Court has not yet finally ruled on whether the punitive damages issue can be submitted to the jury, instructions on punitive damages are included in the event the Court overrules BP Amoco's position.

2 *AMPAT/Midwest, Inc. v. Illinois Tool Works Inc.*, 896 F.2d 1035, 1043 (7th Cir. 1990) ("The Illinois courts, however, take rather a dim view of punitive damages, and insist that the plaintiff seeking them demonstrate not only simple fraud but gross fraud, breach of trust, or other extraordinary or exceptional circumstances clearly showing malice and willfulness.") (internal citations and quotation marks omitted); *Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 78 F.3d 266, 275-76 (7th Cir. 1996) (same); *Europlast, Ltd. v. Oak Switch Systems, Inc.,* 10 F.3d 1266, 1276 (7th Cir. 1993) (same).

3 Dkt. No. 437, Mem. Op & Order at 25 ("Deceit alone cannot support an award of punitive damages."); *Roboserve*, 78 F.3d at 276 ("But in Illinois deceit alone cannot support a punitive damage award.") (internal quotation marks omitted).

4 Dkt. No. 437, Mem. Op & Order at 25 ("Punitive damages are appropriate only if the defendant's misconduct rises above and beyond the conduct needed for the basis of the action."); *Hiatt v. Rockwell Int'l Corp.*, 26 F.3d 761, 766 (7th Cir. 1994) ("An award of punitive damages should be upheld only if the defendant's misconduct is above and beyond the conduct needed for the basis of the action.").

5 *Roboserve*, 78 F.3d at 276-77 ("Given the strong aversion of the Illinois courts toward punitive damages, we hold that a plaintiff seeking punitive damages under these circumstances must at least put forth some evidence of intent to injure; merely withdrawing business opportunities is not enough. ... To hold otherwise in this context

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of BP Amoco's conduct;

- the impact of the BP Amoco's conduct on Flint Hills;

- the relationship between Flint Hills and BP Amoco;

- the likelihood that BP Amoco would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm Flint Hills suffered. ]

---

**Flint Hills' Authority:**

*See* Authority for Proposed Fraud No. 13.

**BP Amoco's Authority:**

7th Cir. JI 7.24; Dkt. No. 437, Mem. Op. & Order at 25; Jury Instructions given in *Howington v. Ghourdjian*, 00 C 7394 (Kennelly, J.); *AMPAT/Midwest, Inc. v. Illinois Tool Works Inc.*, 896 F.2d 1035, 1043 (7th Cir. 1990); *Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 78 F.3d 266, 275-77 (7th Cir. 1996); *Europlast, Ltd. v. Oak Switch Systems, Inc.*, 10 F.3d 1266, 1276 (7th Cir. 1993); *Hiatt v. Rockwell Int'l Corp.*, 26 F.3d 761, 766 (7th Cir. 1994).

Note: This instruction is identical to Seventh Circuit pattern jury instruction 7.24 except that (i) the words "Plaintiff" and "Defendant" and their pronouns have been changed; and (ii) the italicized language. The italicized changes of "for fraud" and "clear and convincing" are because Flint Hills is bringing an action for fraud governed by the clear and convincing standard. The other italicized sentences and changes based on the case law cited in footnotes two through five. This italicization is for the Court's convenience and BP Amoco does not intend to have any italicized language in the instructions presented to the jury.

---

would impermissibly obscure the distinction between fraud and gross fraud, between conduct meriting (ordinary) compensatory damages and conduct meriting (extraordinary) punitive damages.").

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that he caused a copy of the foregoing to be served upon all individuals listed below on September 1, 2009 via electronic mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) and Local Rules 5.9 and 83.15.

Richard C. Godfrey
Scott W. Fowkes
Drew G. Peel
Travis J. Quick
Hariklia Carrie Karis
Erica Blaschke Zolner
KIRKLAND & ELLIS LLP
300 N. LaSalle Street
Chicago, IL 60654
Fax: 312-861-2200

William L. Patberg
Douglas G. Haynam
Joseph M. Simpson
SHUMAKER, LOOP & KENDRICK, LLP
1000 Jackson Street
Toledo, OH 43604
Fax: 419-241-6894

/s/ James R. Figliulo