**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BP AMOCO CHEMICAL COMPANY, | ) | |
| | ) | |
| Plaintiff/Counter–Defendant, | ) | |
| | ) | Consolidated Case No. 05 C 5661 |
| v. | ) | |
| | ) | Hon. Amy J. St. Eve |
| FLINT HILLS RESOURCES LLC, | ) | |
| | ) | |
| Defendant/Counter–Plaintiff. | ) | |
| | ) | |
| | ) | |
| FLINT HILLS RESOURCES LLC, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BP CORPORATION NORTH AMERICA INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**SUPPLEMENTAL AUTHORITY SUBMITTED IN SUPPORT OF BP AMOCO**
**CHEMICAL COMPANY'S RENEWED MOTION TO EXCLUDE THE OPINIONS OF**
**JEFFREY BALIBAN**

BP Amoco Chemical Company respectfully submits the following supplemental authority in support of BP Amoco Chemical Company's Renewed Motion To Exclude The Opinions Of Jeffrey Baliban (Dkt. 816):

1. As to Flint Hills' failure to introduce into evidence Mr. Baliban's damages model and thereby provide a proper methodological foundation for Mr. Baliban's opinions (*see* Dkt. 816 at 5-7), BP Amoco respectfully directs the Court to the following cases:

- ***Elcock v. Kmart Corp.***, 233 F.3d 734,754-56 (3d Cir. 2000) (reversing jury verdict where expert's "economic damages model relied on several empirical assumptions that were not supported by the record," supporting data was not made part of the trial record, and the expert provided no basis for jury to adjust his damages calculation to account for erroneous assumptions) (copy attached as **Ex. 1**);

- *Fuesting v. Zimmer, Inc.*, 421 F.3d 528, 536 (7th Cir. 2005) (Williams, J.) (reversing jury verdict based on conclusory expert opinions allegedly based on "basic polymer science" because the expert "did not bridge the gap between these basic principles and his complex conclusion" by describing methodology and analyses by which general principles were applied to particular circumstances of case at issue) (copy attached as **Ex. 2**), *vacated in unrelated part*, 448 F.3d 936 (7th Cir. 2006);

- *Huey v. United Parcel Serv., Inc.*, 165 F.3d 1084, 1087 (7th Cir. 1999) (Easterbrook, J.) (affirming district court's exclusion of forensic vocational expert after offer of proof at trial, where expert "gave a conclusion, but no more," and quoting with approval district court's finding that "'providing only an ultimate conclusion with no analysis is meaningless'") (copy attached as **Ex. 3**);

- *In re Prempro Prods. Liability Litig.*, 554 F. Supp. 2d 871, 887 (E.D. Ark. 2008) ("Since Dr. Parisian testified as to the bottom line without any explanation, failed to provide expert analysis, … testified in areas beyond her expertise, and invaded areas that required no expert testimony, most of Dr. Parisian's punitive damages testimony should have been excluded.") (reversing jury verdict awarding punitive damages on basis of testimony court subsequently determined should have been excluded) (copy attached as **Ex. 4**);

- *ID Security Sys. Canada, Inc. v. Checkpoint Sys., Inc.*, 249 F. Supp. 2d 622, 696 (E.D. Pa. 2003) ("Given Dr. Kursh's reliance on [plaintiff's president's] projections against the background of only generalized research into the EAS systems market and Laserfuse technology and production, the court concludes that Dr. Kursh's testimony as to future lost Laserfuse profits should not have been admitted at the *Daubert* stage of these proceedings, nor should it have been placed before the jury at trial, even if the arithmetic model used accurately predicts future lost profits in the typical case.") (vacating portion of jury award attributable to future lost profits damages) (copy attached as **Ex. 5**);

- *cf. McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 658 (7th Cir. 1998) (Easterbrook, J.) (affirming award of summary judgment where expert affidavit failed to provide any reasoning or data supporting opinions; "[n]aked opinions cannot stave off summary judgment) (copy attached as **Ex. 6**);

- *Navarro v. Fuji Heavy Indus., Ltd.*, 117 F.3d 1027, 1031 (7th Cir. 1997) (Posner, C.J.) ("[A] conclusion without any support is not one based on expert knowledge and entitled to the dignity of evidence.") (affirming award of summary judgment) (copy attached as **Ex. 7**);

- *Mid-State Fertilizer Co. v. Exchange Nat'l Bank of Chicago*, 877 F.2d 1333, 1339 (7th Cir. 1989) (Easterbrook, J.) (affirming award of summary judgment and finding that conclusory economist affidavit could not create factual dispute; "[a]dmissibility does not imply utility," as "Professor Bryan presented nothing but conclusions - no facts, no hint of an inferential process, no discussion of hypotheses considered and rejected") (copy attached as **Ex. 8**); and

- *Plascencia v. City of St. George*, No. 2:07-CV-2 TS, 2009 WL 562263, at *3 (D. Utah Mar. 3, 2009) ("Expert testimony is unhelpful to the jury if the expert is merely telling the jury what result to reach, unless the expert explains the basis for his opinions in sufficient detail to permit the jury to independently evaluate his conclusions"; excluding expert opinions pursuant to motion in limine because the expert "has failed to identify how he arrived at his conclusions, making it impossible for the jury to independently evaluate those conclusion.") (copy attached as **Ex. 9**).

2. As to Flint Hills' failure to introduce into evidence a sufficient factual foundation for the effective capacities Mr. Baliban relied on to calculate damages (*see* Dkt. 816 at 7-8), and his speculative assumptions respecting a potential contingent Eastman transaction (*see id.* at 2-4), BP Amoco respectfully directs the Court to the following additional cases:

- *Bucklew v. Hawkins, Ash, Baptie & Co., LLP*, 329 F.3d 923, 933 (7th Cir. 2003) (Posner, J.) ("The testimony by an expert witness for the plaintiff … had no factual basis whatsoever, and we repeat previous reminders to the bench and bar of this circuit that proof of damages requires - proof.") (reversing jury verdict on copyright claim where expert calculation of percentage of profits from sale of other products attributable to infringing sales of copyrighted product were unsupported) (copy attached as **Ex. 10**);

- *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 995 (7th Cir. 2002) (Wood, J.) (reversing verdict after damages trial on cable theft claims where expert "made no effort to tie his damages calculation to any actual viewer habits," and expert's findings as to viewer habits appeared to be "based on nothing more than guesswork and [expert's] own viewing habits"; "[a] reasonable estimate as to pay-per-view usage must be grounded in some record evidence, not numbers pulled from thin air") (copy attached as **Ex. 11**);

- *Tyger Constr. Co. Inc. v. Pensacola Constr. Co.,* 29 F.3d 137, 142 (4th Cir. 1994) (reversing jury verdict because "[a]n expert's opinion should be excluded when it is based on assumptions that are speculative and are not supported by the record. … An expert's opinion as to damages must be causally related to the alleged harm.") (copy attached as **Ex. 12**);

- *In re Air Crash Disaster at New Orleans, La.*, 795 F.2d 1230, 1235 (5th Cir. 1986) ("In sum, we find the assumptions of plaintiffs' economist so abusive of the known facts, and so removed from any demonstrated area of expertise, as to provide no reasonable basis for calculating [damages]…. An award for damages cannot stand when the only evidence to support it is speculative or purely conjectural.") (quotations and citations omitted; reversing jury verdict) (copy attached as **Ex. 13**);

- *cf. Zenith Elecs. Corp. v. WH-TV Broadcasting Corp.*, 395 F.3d 416, 418-19 (7th Cir. 2005) (Easterbrook, J.) (affirming exclusion of damages expert who "either had no method or could not describe one," wrongly "was relying on intuition," and who could not justify "substituting a guess for careful analysis"); *id.* at 419 ("An

3

expert must offer good reason to think that his approach produces an accurate estimate using professional methods, and this estimate must be testable.  Someone else using the same data and methods must be able to replicate the result.  Shapiro's method, 'expert intuition,' is neither normal among social scientists nor testable-and conclusions that are not falsifiable aren't worth much to either science or the judiciary.") (copy attached as **Ex. 14**);

- ***Pharmanetics, Inc. v. Aventis Pharmaceuticals, Inc.,*** No. 5:03-CV-817-FL(2), 2005 WL 6000369, at *10 (E.D.N.C. May 4, 2005) ("As Troxel's damages model is premised on plaintiff's success on all of its causes of action, and does not allow, even in the alternative, for an adjustment of damages to account for those claims no longer remaining, it is not a reliable measure of damages.") (excluding damages model from admission into evidence at trial); *id.* at *11 ("Here, Troxel's damages model is not sufficiently tied to the facts of the case, to be helpful to the jury.  …  There is no evidence in the record … which supports a finding that defendant caused the loss of all potential sales [in 2003] … much less for five years into the future.  Troxel's damages model, under the guise of an expert report, would encourage the jury to make just such an analytical leap from specific past lost sales opportunities to *all* potential lost sales opportunities into the future, even though the evidence of record does not support this inference.  …  Therefore, Troxel's damages model lacks relevance to the facts and circumstances of this case.") (quotations omitted); *id.* at *12 ("Profit estimates which are speculative or dependent on contingent circumstances not supported in the record are not admissible to prove [the] amount of damages.") (quotations omitted; copy attached as **Ex. 15**).

WHEREFORE, BP Amoco Chemical Company respectfully requests that the Court consider the foregoing supplemental authority in further support of BP Amoco Chemical Company's Renewed Motion To Exclude The Opinions Of Jeffrey Baliban (Dkt. 816).

Dated:  September 27, 2009

Respectfully submitted,

By:____/s/ Richard C. Godfrey_____
Richard C. Godfrey, P.C. (ARDC #3124358)
Scott W. Fowkes, P.C.(ARDC #6199265)
Drew G.A. Peel (ARDC # 6209713)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL  60654
(312) 862-2000

*Attorneys for BP Amoco Chemical Company*
*and BP Corporation North America*

4

**CERTIFICATE OF SERVICE**

I hereby certify that September 27, 2009, I caused a true and correct copy of the

foregoing to be served electronically via the CM/ECF system on the following:

James Figliulo, Esq.
Ryan P. Stiles, Esq.
FIGLIULO & SILVERMAN, P.C.
10 South LaSalle Street, Suite 3600
Chicago, IL  60603

Susan M. Franzetti, Esq.
FRANZETTI LAW FIRM, P.C.
10 South LaSalle Street, Suite 3600
Chicago, IL  60603

_____/s/ Richard C. Godfrey_____