# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| BP AMOCO CHEMICAL COMPANY, | ) | |
| | ) | |
| Plaintiff/Counter–Defendant, | ) | |
| | ) | Consolidated Case No. 05 C 5661 |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| FLINT HILLS RESOURCES LLC, | ) | |
| | ) | |
| Defendant/Counter–Plaintiff. | ) | |
| | ) | |
| FLINT HILLS RESOURCES LLC, | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BP CORPORATION NORTH AMERICA INC., | ) | |
| Defendant. | ) | |
| | ) | |

**BP AMOCO CHEMICAL COMPANY'S SECOND SUBMISSION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS RENEWED MOTION TO EXCLUDE THE OPINIONS OF JEFFREY BALIBAN**

At a hearing on September 28, 2009, Flint Hills suggested that Rule 705 of the Federal Rules of Evidence somehow relieved it of any obligation to introduce into evidence Mr. Baliban's damages model (*i.e.*, the reasons why and calculations by and upon which he arrived at a figure of $44 million as the proper amount of value diminution losses), asserting it was instead the obligation of BP Amoco to elicit such information through cross-examination of Mr. Baliban. Flint Hills is mistaken, as the authorities quoted and cited below explain.

Rule 705 "addresses only the order of testimony, ***not*** its admissibility or the weight the trier of fact should give it." 29 Charles A. Wright & Victor J. Gold, *Federal Practice & Procedure* ["FPP"] § 6293 (2009) (footnotes omitted; emphasis added) (copy attached as **Ex. 1**); *United States v. Brien*, 59 F.3d 274, 278 (1st Cir. 1995) ("There is nothing to Brien's alternative argument that Fed. R. Evid. 705 entitled Yarmey to offer expert testimony without disclosing the underlying data, leaving that to be developed by cross-examination. Rule 705 relates to the presentation of testimony at trial and, even then, is subject to the supervision of the trial judge to

avoid unfairness. The rule does not impair - indeed, has nothing to do with-the trial judge's right to insist that he or she be given the underlying information….") (copy attached as **Ex. 2**).

Further, while Rule 705 may not require the introduction of all of the ***facts*** underlying an opinion on direct examination, by its express terms the Rule still requires the "***reasons***" for an opinion to be provided. *See* Fed. R. Evid. 705 ("The expert may testify in terms of opinion or inference ***and give reasons therefor*** without first testifying to the underlying facts or data, unless the court requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross examination.") (emphasis added) (copy attached as **Ex. 3**); *accord Chicago Joe's Tea Room, LLC v. Village of Broadview*, No. 07-C-2680, 2008 WL 4287002, at \*9-10 (N.D. Ill. Sept. 11, 2008) (Gottschall, J.) ("The Defendants contend that, under Federal Rule of Evidence 705, an expert need not disclose the underlying facts or data when testifying. They state that '[t]here is no requirement that an expert set forth the detail of any calculations leading to his or her conclusions'…. Although they may be correct that calculations are not *per se* mandated by the relevant case law, ***reasons underlying the opinion are***. … The affidavit does not explain the methodology used or the basis on which [the expert] made his calculations. … Absent information on how he went about calculating the number of lots or available acreage, his conclusion … simply cannot be considered sufficiently reliable. Rule 702 and *Daubert* require more than a rough sketch and an unsubstantiated number to support [] an expert opinion.") (emphasis added; granting in part motion to strike expert affidavit at summary judgment stage) (copy attached as **Ex. 4**); *Tyger Constr. Co. v. Pensacola Constr. Co.*, 29 F.3d 137, 144 (4th Cir. 1994) (quoting Rule 705, but vacating jury verdict where trial court abused discretion in allowing damages expert to testify based on factually unsupported assumptions, because "[w]hen the assumptions made by an expert are not based on fact, the expert's testimony is likely to mislead jury, and should be excluded by the district court.") (copy attached as **Ex. 5**); *Mid-State Fertilizer Co. v. Exchange Nat'l Bank of Chicago*, 877 F.2d 1333, 1339-40 (7th Cir. 1989) (Easterbrook, J.) (noting that while Rule 705 "allows experts to present naked opinions," conclusory affidavit of economist properly was disregarded at summary judgment stage because "[a]n expert who supplies nothing but a bottom line supplies nothing of value to the judicial process"; "[j]udges should not be buffaloed by ***unreasoned*** expert opinions.") (emphasis added) (copy attached as **Ex. 6**); *Rosen v. Ciba-Geigy Corp.*, 78 F.3d 316, 319 (7th Cir. 1996) (Posner, C.J.) ("Nowhere in [the expert's] deposition is there an ***explanation*** of how a nicotine overdose

2

… can precipitate a heart attack, or a reference to medical or other scientific literature in which such an effect of nicotine is identified and tested. … But the courtroom is not the place for scientific guesswork, even of the inspired sort. Law lags science; it does not lead it.") (emphasis added) (affirming finding that expert cardiologist's opinions regarding cause of heart attack were properly excluded on *Daubert* grounds where no explanations for opinions were provided and no scientific literature or tests were cited as support for expert's opinions) (copy attached as **Ex. 7**); *cf. FPC v. Hope Natural Gas Co.*, 320 U.S. 591, 627 (1944) (Frankfurter, J., dissenting) ("It will not do to say that it must all be left to the skill of experts. Expertise is a rational process and a rational process implies expressed reasons for judgment.") (copy attached as **Ex. 8**).

Moreover, where, as here, "Rules 703 or 702 pose serious questions concerning the admissibility of an expert's opinion, Rule 705 does ***not*** permit the offering party to present expert opinion without first establishing the expert's underlying facts and data." FPP § 6293 (emphasis added) (copy attached as **Ex. 1**); *accord University of Rhode Island v. A.W. Chesterton Co.*, 2 F.3d 1200, 1218-19 (1st Cir. 1993) (affirming district court's refusal to allow expert testimony regarding damages where the expert: (1) "came to trial with no supporting documentation whatever to substantiate [the expert's] assessment of damages"; (2) the "'damages' assessment was not based solely on the conventional examination and compilation of documents from which an expert objectively might ascertain the" damages; (3) the expert "relied on 'interviews' with undisclosed URI employees and 'outside vendors,' conducted either by himself or other URI officials who reported to him"; and (4) "[t]he trial court quite reasonably expected URI to explain … the basic assumptions undergirding its witness's seemingly unorthodox method" of calculating damages) (copy attached as **Ex. 9**).[1]

---

[1] Here, Flint Hills apparently made a tactical decision: in order to avoid cross-examination of Mr. Baliban as to whether his methodology and work papers establish that, in fact, his damages calculation is based on lost profits, which is prohibited by the PSA, Flint Hills chose not to put into the record any of the evidence, calculations, and damages modeling underlying Mr. Baliban's opinions. One consequence, as BP Amoco's counsel noted during the jury instruction conference on Monday, September 28, 2009, is that BP Amoco's counsel is no longer able to argue to the jury that Mr. Baliban's opinion constitutes an impermissible lost profits damages claim. (Tr. 2890:13 - 2891:1) But, a related corollary consequence of Flint Hills' tactical decision and strategic approach is that Mr. Baliban's opinion now lacks the necessary factual foundation and reasoned basis that is required for it to be of use to the jury, requiring that his unfounded and unreasoned opinion now be stricken and the jury instructed to disregard it. *See, e.g.*, *U.S. v. Sepulveda*, 15 F.3d 1161, 1183 (1st Cir. 1993).

Finally, in cases like this one, Rule 705 cannot save opinion testimony from exclusion, because if "cross-examination reveals defects in the opinion that render it inadmissible, the court may strike the expert's testimony." FPP § 6293 (copy attached as **Ex. 1**); *accord* FPP § 6295 ("If, during or after cross-examination, it is revealed that the expert's opinion did not have a proper basis under Rule 703 or was otherwise inadmissible under Rules 702 or 403, the court on motion of the cross-examiner may strike the opinion testimony and instruct the jury to disregard it.") (copy attached as **Ex. 10**); *U.S. v. Sepulveda*, 15 F.3d 1161, 1183 (1st Cir. 1993) ("If cross-examination reveals that the opinions advanced by an expert rest on a wholly inadequate foundation, the judge, on timely motion, may strike the testimony.") (copy attached as **Ex. 11**); *cf. id.* at 1184 (finding trial court's denial of motion *in limine* before trial, but subsequent striking of expert's testimony at trial and instructing jury to disregard such testimony, was proper; "[t]he unhappy fact that, in hindsight, the expert turned out to be a dud does not retroactively negate the lawfulness of the court's original ruling. Trial judges, whose lot is often to make swift battlefield decisions on tangled evidentiary matters, cannot be expected to foretell the future with absolute accuracy.").

Dated: September 30, 2009

Respectfully submitted,

By:_____/s/  Richard C. Godfrey, P.C._____
Richard C. Godfrey, P.C. (ARDC #3124358)
Scott W. Fowkes, P.C.(ARDC #6199265)
Drew G.A. Peel (ARDC #6209713)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL  60654
(312) 862-2000

*Attorneys for BP Amoco Chemical Company and BP Corporation North America*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2009, I caused a true and correct copy of the

foregoing to be served via hand delivery and electronically via the CM/ECF system on the

following:

James Figliulo, Esq.
Ryan P. Stiles, Esq.
FIGLIULO & SILVERMAN, P.C.
10 South LaSalle Street, Suite 3600
Chicago, IL  60603

Susan M. Franzetti, Esq.
Franzetti Law Firm
10 South LaSalle Street, Suite 3600
Chicago, IL  60603

_____/s/  Richard C. Godfrey, P.C._____