**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BP AMOCO CHEMICAL COMPANY, )<br>)<br>Plaintiff/Counter–Defendant, )<br>)<br>v. )<br>)<br>FLINT HILLS RESOURCES LLC, )<br>)<br>Defendant/Counter–Plaintiff. )<br>) | Case No. 05 C 5661<br><br>Judge Amy J. St. Eve |

**BP AMOCO CHEMICAL COMPANY'S RENEWED MOTIONS FOR JUDGMENT AS A MATTER OF LAW UNDER FRCP 50(b), MOTION FOR A NEW TRIAL UNDER FRCP 59, AND MOTION FOR A STAY UNDER FRCP 62(b)**

BP Amoco Chemical Company ("BP Amoco") moves (i) for a new trial pursuant to Federal Rule of Civil Procedure 59; (ii) for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) on Flint Hills' estimated future damages and on all or a portion of Flint Hills' repair cost damages for certain claims; and (iii) for a stay of execution of the judgment pursuant to Federal Rule of Civil Procedure 62(b) while this motion is pending.[1] For the most part, these issues have been raised in prior briefing, and thus this motion provides citations to BP Amoco's prior filings on the issue, which prior filings BP Amoco incorporates in their entirety by reference and by attachment.

In further support of this motion, BP Amoco relies on its accompanying Memorandum and states as follows:

1. Judgment as a matter of law, or at a minimum a new trial, should be granted on Flint Hills' damages for the reasons stated in BP Amoco's prior motions for judgment as a matter of law. As explained in BP Amoco's motion for judgment as a matter of law on Flint Hills' estimated future damages, Flint Hills failed to prove the legal requirements that its alleged future damages were reasonably certain to occur and reasonably certain in amount. Flint Hills did not produce any specific evidence of when the alleged costs might be incurred in the future. Moreover, the materials it presented to the jury consisted of estimates subject to extremely wide

---

[1] In its Order dated May 19, 2009 (Dkt. 539), the Court realigned the parties for trial such that Flint Hills became the plaintiff and BP Amoco became the defendant.

variances, or estimates based on isolated lines in years-old documents without any additional support. In addition, Flint Hills' purported evidence did not satisfy the requirements of the rules of evidence because it was hearsay, the employees Flint Hills had testify lacked the expertise to offer opinions about damages, and it otherwise lacked sufficient indicia of reliability. (Ex. 1, Dkt. 858; Ex. 2, Dkt. 889; *see* 11/05/09 Tr. at 8611:19-8612:1 for the Court's prior ruling)

2. Similarly, for the reasons in BP Amoco's motion for judgment as a matter of law on Flint Hills' cost-of-repair damages, Flint Hills presented to the jury numerous damages claims that were either unsupported or barred by the PSA. For example, Flint Hills sought to recover for unexplained internal accounting entries that had no factual support. Flint Hills also sought consequential and incidental damages—such as rental, inspection, and testing costs—which are barred under the plain language of the PSA. Flint Hills further sought various other kinds of improper cost-of-repair damages, such as costs related to equipment that Flint Hills never alleged violated the PSA's warranties, costs for the personnel time of its affiliates which is barred under the PSA, and costs for invalid tests. (Ex. 3, Dkt. 852; Ex. 4, Dkt. 877; *see* 11/05/09 Tr. at 8611:19-8612:1 for the Court's prior ruling)

3. BP Amoco also respectfully states that a number of legal and evidentiary errors were made before and during the trial. These errors should be corrected, and a new trial should be held, for the following reasons:

- The Court previously held that the PSA's production capacity representation was ambiguous and allowed Flint Hills to present interpretations that were contrary to the PSA representation's plain language. (Dkt. 319 at 7-17) For reasons BP Amoco has previously explained, the PSA's production capacity representation is unambiguous, and Flint Hills should not have been allowed to offer interpretations inconsistent with that clear meaning. (Ex. 5, Dkt. 220 at 3; Ex. 6, Dkt. 222 at 4-11; Ex. 7, Dkt. 292 at 3-14)

- Even if the production capacity representation were ambiguous, Flint Hills did not satisfy its burden of proving a breach of contract. Flint Hills failed to establish any meaning of the production capacity representation and failed to present evidence that the Joliet Plant's production units did not satisfy the represented "annualized maximum demonstrated sustainable production" rates. Moreover, the production of PIA was independently constrained by a lack of its feedstock input, and not by any supposed bottleneck relating to the production unit.

- The Court previously held that "the plain meaning of the condition-of-assets representation in the context of the entire agreement makes clear that 'all tangible Assets' refers individually to everything that is included in 'all tangible Assets'—each and every tangible asset at the Joliet Plant—not to the Joliet Plant as a whole." (Dkt. 348 at 4-7) For reasons BP Amoco previously explained, however, the PSA's condition-of-assets representation unambiguously refers to the assets of the Joliet Plant as a whole, and not to each individual asset. (Ex. 8, Dkt. 280; Ex. 9, Dkt. 281 at 3-7; Ex. 10, Dkt. 296 at 2-8)

- The jury instructions were incorrect (*see generally* Ex. 11, Dkt. 901), such as by stating that repair cost and diminution-in-value damages are alternate amounts of recoverable damages (Dkt. 907 at 35; *see also* Dkt. 437 at 10-12, 15-17 for the Court's prior order). Under Illinois law, Flint Hills was required to prove both repair cost and diminution-in-value damages and could recover only the lesser of the two measures. (Ex. 12, Dkt. 247 at 4-8; Ex. 13, Dkt. 352 at 1-5; Ex. 14, Dkt. 708 at 53-55, 62-64, 67-68, 72-74, 94-95; Ex. 15, Dkt. 726 at 150-51, 154-56).

- Flint Hills was allowed to use hearsay documents and summaries based on those hearsay documents to prove its damages under the Court's prior rulings (Dkt. 714, 716), all of which should have been excluded and not admitted into evidence and should not have been considered by the jury. (Ex. 16, Dkt. 603; Ex. 17, Dkt. 644; Ex. 18, Dkt. 682) Moreover, the testimony of Flint Hills' damages experts Jeffrey Baliban and Sharon Moore Bettius was admitted (Dkt. 561), but should have been excluded under FRE 702 and *Daubert* because they used improper and unsupported methodologies and because their opinions were disconnected from the facts of this case. (Ex. 12, Dkt. 247; Ex. 13, Dkt. 352; Ex. 19, Dkt. 378; Ex. 20, Dkt. 383; Ex. 21, Dkt. 498; Ex. 22, Dkt. 816; Ex. 23, Dkt. 818)

- Flint Hills spoliated evidence including equipment and e-mails. While the Court previously denied BP Amoco relief because of this spoliation (Dkt. 362), Flint Hills should have been precluded from pursuing its claims and an adverse inference instruction should have been given at trial. (Ex. 24, Dkt. 249; Ex. 25, Dkt. 251; Ex. 26, Dkt. 340; Ex. 27, Dkt. 355)

- Because Richard Morris consulted written notes during his cross-examination and admittedly used those notes to refresh his recollection, the production of those notes to BP Amoco should have been required under FRE 612.
- In addition, other errors justify a new trial including: (i) Claims 67, 72, 77, and the long-term waste water treatment project portion of Claim 21 should have been dismissed because of Flint Hills' late document productions (Ex. 28, Dkt. 547; Ex. 29, Dkt. 548; Ex. 30, Dkt. 610; *see* Dkt. 671, 758 for the Court's prior orders); (ii) evidence of BP Amoco's price concessions during PSA negotiations based on the condition of certain assets should have been admitted (Ex. 31, Dkt. 661; *see* Dkt. 736 for the Court's prior order); (iii) evidence of Flint Hills' modus operandi in seeking post-closing purchase price adjustments through litigation should have been admitted (Ex. 32, Dkt. 709; *see* Dkt. 727 for the Court's prior order); (iv) the PCBU's post-transaction financial performance should have been admitted as substantive evidence (Ex. 33, Dkt. 750; Ex. 34, Dkt. 817; *see* Dkt. 746, 840 for the Court's prior orders); and (v) the deposition testimony of Flint Hills' Rule 30(b)(6) witness, Glenn Personey, conceding that the condition-of-the-assets representation was accurate at closing, should have been admitted (Ex. 35, Dkt. 881; *see* Dkt. 887 for the Court's prior order).

4.   Finally, pursuant to FRCP 62(b), BP Amoco moves for a stay of the execution of the judgment while this motion is pending, without the posting of a bond. Such stays are common given the brief time that is typically required to consider post-trial motions.

WHEREFORE, for the reasons set forth above and also in BP Amoco's supporting memorandum, BP Amoco respectfully requests that the Court: (1) set aside the verdict and judgment; (2) under FRCP 50(b), order judgment as a matter of law in favor of BP Amoco or a new trial on Flint Hills' damages claims; (3) under FRCP 59, order a new trial on Flint Hills' breach-of-contract claim; and (4) under FRCP 62(b), order a stay of the execution of the judgment while this motion is pending.

Dated: November 25, 2009                    Respectfully submitted,


                                            By:       /s/ R. Chris Heck
                                            Richard C. Godfrey, P.C. (ARDC #3124358)
                                            Scott W. Fowkes, P.C. (ARDC #6199265)
                                            R. Chris Heck (ARDC #6273695)
                                            KIRKLAND & ELLIS LLP
                                            300 North LaSalle Street
                                            Chicago, IL  60654
                                            (312) 862-2000

                                            *Attorneys for BP Amoco Chemical Company*

## CERTIFICATE OF SERVICE

I hereby certify that November 25, 2009, I caused a true and correct copy of the foregoing to be served electronically via the CM/ECF system on the following:

James Figliulo, Esq.
Ryan P. Stiles, Esq.
FIGLIULO & SILVERMAN, P.C.
10 South LaSalle Street, Suite 3600
Chicago, IL 60603

Susan M. Franzetti, Esq.
FRANZETTI LAW FIRM, P.C.
10 South LaSalle Street, Suite 3600
Chicago, IL 60603



/s/ R. Chris Heck